

50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
Phone: 716.853.5100
Fax: 716.853.5199
lippes.com

July 22, 2018

<u>Via ECF</u>
Hon. Arthur D. Spatt
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Roman v RGS Financial, Inc.*
                Case No. 2:17-cv-04917-ADS-AKT

Dear Judge Spatt:

Our office is counsel for Defendant RGS Financial, Inc. ("RGS") in the above-referenced matter. Please accept this letter as RGS's request for a pre-motion conference in preparation of the filing of a motion for summary judgment.

Plaintiff has filed suit against RGS for violations of the Fair Debt Collection Practices Act (the "FDCPA"), specifically for six alleged violations of sections 1692e and 1692g. Plaintiff alleges that the debt that RGS was seeking to collect from Plaintiff was accruing interest, late fees, and/or other fees which RGS did not properly inform Plaintiff of. However, the debt that RGS was seeking to collect was not accruing any interests or fees, and remained static the entire time it was placed with RGS.

Plaintiff's first four claims rely upon the Second Circuit's opinion in *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 74 (2d Cir. 2016). In between the filing of Plaintiff's lawsuit and the date of this letter, the Second Circuit decided *Taylor v. Financial Recovery Services*, 886 F.3d 212 (2d Cir. Mar. 29, 2018). The Second Circuit held that a debt collector does not have a duty to inform Plaintiff that a debt is not accruing interests or fees when the debt is not accruing any interest or fees and remains static. As the debt in this case was not accruing any interest or fees, there was no affirmative duty for RGS to inform Plaintiff that fees and interests were not accruing. The *Taylor* case is directly on point in this case and disposes of four of Plaintiff's claims.

Brendan H. Little  |  Partner  |  blittle@lippes.com

**New York:** Albany, Buffalo, New York City  •  **Florida:** Ponte Vedra Beach  •  **Ontario:** Greater Toronto Area



Plaintiff's remaining claims revolve around the payment options that the letter presented to Plaintiff in the letter. Plaintiff claims these options violated sections 1692e and 1692f by misleading Plaintiff as to her rights to dispute the debt. Numerous courts have previously rejected these arguments, finding that presenting the debtor with options does not infringe any rights under the FDCPA. *See, e.g.*, *Akoundi v. FMS, Inc.*, 2014 WL 3632008, at *5 (S.D.N.Y. July 22, 2014); *Lerner v. Forster*, 240 F. Supp. 2d 233, 236 (E.D.N.Y. 2003); *Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., Inc.*, 209 F. Supp. 2d 330, 331 (S.D.N.Y. 2002), *aff'd*, 59 F. App'x 406 (2d Cir. 2003).

Enclosed please find a copy of RGS's Rule 56.1 Statement of Facts sent to Plaintiff on June 22, 2018. Plaintiff never provided a counter-statement of facts.

In light of the foregoing, RGS believes that summary judgment is an appropriate means to a speedy disposition of this instant case, and requests that this Court allow RGS to proceed with its motion for summary judgment.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

LIPPES MATHIAS WEXLER FRIEDMAN LLP

Brendan H. Little

BHL/bmo
Enc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEPHANIE ROMAN

        Plaintiff,

v.                                   Case No.: 2:17-cv-04917-ADS-AKT

RGS FINANCIAL, INC.

        Defendant.

**DEFENDANT RGS FINANCIAL, INC.'S**
**RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Defendant RGS Financial, Inc. ("RGS") and files this Rule 56.1 Statement of Undisputed Facts, and will show onto this Court as follows:

### I. UNDISPUTED FACTS

1. A debt owed to Capital One, N.A., as a creditor, incurred at Kohl's Department Stores Inc., was placed with RGS for collection on July 17, 2016.

2. RGS sent a dunning letter to Plaintiff dated August 18, 2016 (the "Letter").

3. The Letter stated that the Amount Owed was $3,981,89.

4. The letter offered different payment options to Plaintiff:

   ☐ You can resolve your account, without talking to an associate, by visiting our secure, private website at https://www.myrgs.com to negotiate and pay anytime, day or night.
   ☐ You can pay $3,981.89 in full or make two payments of $1,990.94 or three payments of $1,327.29.
   ☐ You can resolve your account at the reduced amount of $2,389.14 or make two payments of $1,194.57, or three payments of $796.38.
   ☐ Call 866-941-8600 or visit us online to make alternate arrangements.

5. The front of the Letter states "**NOTICE: SEE REVERSE SIDE OF IMPORTANT INFORMATION**."

6. At the top of the back of the letter, it says "**IMPORTANT NOTICE**".

7. Below "**IMPORTANT NOTICE**" section the letter contained the statutorily required language under Section 1692g of the Fair Debt Collection Practice Act.

8. There was not any interest, late fees, or any other fees accruing on the debt.

9. The total amount of the debt remained the same while the debt was placed with RGS.

10. The debt was static.

11. The static nature of the debt is reflected in the account notes RGS kept concerning the debt.

12. Debts owed to Capital One, N.A., do not accrue interest or late fees when placed with RGS for collection.

13. A dunning letter does not have to tell a debtor that interest or fees are not accruing on a debt. *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212 (2d Cir. 2018).

14. Payment of the Amount Owed would have satisfied the debt in whole.

15. Payment of the Reduction Offered would have satisfied the debt in whole.

16. Payment under either of the Payment Plans would satisfied the debt in whole.

17. Neither RGS nor Capital One, N.A. filed a lawsuit against Plaintiff over the debt and no court has entered a judgment against Plaintiff regarding this debt.

18. Statutory interest, pursuant to CPLR § 5001 does not accrue on a debt until it is awarded by a court. *Derosa v. Computer Credit, Inc.*, 295 F. Supp. 3d 290, 300 (E.D.N.Y. 2018)

19. Plaintiff's Complaint was filed on August 21, 2017.

DATED:     June 22, 2018

        /s Brendan H. Little
        Brendan H. Little, Esq.
        Lippes Mathias Wexler Friedman LLP
        Attorneys for Defendant
        50 Fountain Plaza, Suite 1700
        Buffalo, NY 14202
        P: 716-853-5100
        F: 716-853-5199
        E: blittle@lippes.com