UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE ROMAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>RGS FINANCIAL, INC.,<br><br>                    Defendant. | Case No.: 2:17-cv-04917-ADS-AKT |

**PLAINTIFF'S STATEMENT PURSUANT TO LOCAL CIVIL
RULE 56.1(b) IN RESPONSE TO DEFENDANT'S STATEMENT
OF UNDISPUTED MATERIAL FACTS AND STATEMENT OF
ADDITIONAL UNDISPUTED MATERIAL FACTS**

Plaintiff Stephanie Roman ("*Roman*" or "*Plaintiff*"), by and through her undersigned attorneys, hereby submits the following pursuant to Local Civil Rule 56.1(b) in reply to the Statement of Undisputed facts submitted by Defendant RGS Financial, Inc. ("*Defendant*" or "*RGS*"), together with his Statement of Additional Material Facts, and avers as follows:

1.      A debt owed to Capital One, N.A., as a creditor, incurred at Kohl's Department Stores Inc., was placed with RGS for collection on July 17, 2016. Declaraction (sic.) of Mike Ryalls at pg. ___.

**PLAINTIFFS' RESPONSE:**  Objection: The fact is not supported by admissible evidence, nor is it provided by an individual disclosed pursuant to Fed. Rule Civ. Pro. R. 26(a)(1). Additionally, as Defendant has not provided the material cited, and such material is not otherwise in the record, Plaintiff is unable to determine whether the Declaration cited was made on personal knowledge, set out facts that would be admissible in evidence, and showed that the declarant is competent to testify on the matters stated.  *See* Fed. Rule Civ. Pro. R. 56(c)(4).

2.      RGS sent a dunning letter to Plaintiff dated August 18, 2016 (the "Letter"). Doc. 1-1 at 1.

Plaintiff does not understand this statement to the extent that he does not understand what, if anything, is intended to be implied by the phrase that the Complaint "deal[s] with" the name of the creditor.

**PLAINTIFFS' RESPONSE:**  Plaintiff does not understand this statement to the extent that Defendant has not defined the term "dunning letter." However, Plaintiff received from Defendant the letter dated August 18, 2016, attached to the complaint. Doc. 1-1 at 1.

3.      The Letter stated that the Amount Owed was $3,981,89. *Id*.

**PLAINTIFFS' RESPONSE:**  Disputed. The Letter stated: "Amount Owed: $3,981.89." Doc. 1-1 at 1.

4.      The letter offered different payment options to Plaintiff:

> You can resolve your account, without talking to an associate, by visiting our secure, private website at https://www.myrgs.com to negotiate and pay anytime, day or night.
>
> You can pay $3,981.89 in full or make two payments of $1,990.94 or three payments of $1,327.29.
>
> You can resolve your account at the reduced amount of $2,389.14 or make two payments of $1,194.57, or three payments of $796.38.
>
> Call 866-941-8600 or visit us online to make alternate arrangements.

*Id*.

**PLAINTIFFS' RESPONSE:**  Disputed. The Letter speaks for itself. Doc. 1-1 at 1.

5.      The front of the Letter states "**NOTICE: SEE REVERSE SIDE OF IMPORTANT INFORMATION**." *Id*.

**PLAINTIFFS' RESPONSE:**  Disputed. The Letter speaks for itself. Doc. 1-1 at 1.

6.      At the top of the back of the letter, it says "**IMPORTANT NOTICE**". *Id*.

**PLAINTIFFS' RESPONSE:**  Not Disputed.

7.      Below "**IMPORTANT NOTICE**" section the letter contained the statutorily required language under Section 1692g of the Fair Debt Collection Practice Act. *Id*.; 15 U.S.C. § 1692g(a).

**PLAINTIFFS' RESPONSE:**  Plaintiff does not understand this statement to the extent that Defendant has not defined the term "statutorily required language."  However, the Letter speaks for itself.  Doc. 1-1 at 1.

8.      There was not any interest, late fees, or any other fees accruing on the debt. Ryalls Dec. at pg. ____.

**PLAINTIFFS' RESPONSE:**  Objection: The fact is not supported by admissible evidence, nor is it provided by an individual disclosed pursuant to Fed. Rule Civ. Pro. R. 26(a)(1).  Additionally, as Defendant has not provided the material cited, and such material is not otherwise in the record, Plaintiff is unable to determine whether the Declaration cited was made on personal knowledge, set out facts that would be admissible in evidence, and showed that the declarant is competent to testify on the matters stated.  *See* Fed. Rule Civ. Pro. R. 56(c)(4).  Additionally, Defendant objected to Plaintiff's demands for this information in discovery, and Defendant is therefore precluded on this issue.  *See* Fed. Rule Civ. Pro. R. 37(c).

9.      The total amount of the debt remained the same while the debt was placed with RGS. *Id*. at pg. ____.

**PLAINTIFFS' RESPONSE:**  Objection: The fact is not supported by admissible evidence, nor is it provided by an individual disclosed pursuant to Fed. Rule Civ. Pro. R. 26(a)(1).  Additionally, as Defendant has not provided the material cited, and such material is not otherwise in the record, Plaintiff is unable to determine whether the Declaration cited was made on personal knowledge, set out facts that would be admissible in evidence, and showed that the declarant is competent to testify on the matters stated.  *See* Fed. Rule Civ. Pro. R. 56(c)(4).  Additionally, Defendant objected to Plaintiff's demands for this information in discovery, and Defendant is therefore precluded on this issue.  *See* Fed. Rule Civ. Pro. R. 37(c).

10.     The debt was static. *Id*. at pg. ____.

**PLAINTIFFS' RESPONSE:**  Objection: The fact is not supported by admissible evidence, nor is it provided by an individual disclosed pursuant to Fed. Rule Civ. Pro. R. 26(a)(1).  Additionally, as Defendant has not provided the material cited, and such material is not otherwise in the record, Plaintiff is unable to determine whether the Declaration cited was made on personal knowledge, set out facts that would be admissible in evidence, and showed that the declarant is competent to testify on the matters stated.  *See* Fed. Rule Civ. Pro. R. 56(c)(4).  Additionally, Defendant objected

to Plaintiff's demands for this information in discovery, and Defendant is therefore precluded on this issue.  *See* Fed. Rule Civ. Pro. R. 37(c).

11.  The static nature of the debt is reflected in the account notes RGS kept concerning the debt.

*Id*. at pg. ___.

**PLAINTIFFS' RESPONSE:**  Objection: The fact is not supported by admissible evidence, nor is it provided by an individual disclosed pursuant to Fed. Rule Civ. Pro. R. 26(a)(1).  Additionally, as Defendant has not provided the material cited, and such material is not otherwise in the record, Plaintiff is unable to determine whether the Declaration cited was made on personal knowledge, set out facts that would be admissible in evidence, and showed that the declarant is competent to testify on the matters stated.  *See* Fed. Rule Civ. Pro. R. 56(c)(4).  Additionally, Defendant objected to Plaintiff's demands for this information in discovery, and Defendant is therefore precluded on this issue.  *See* Fed. Rule Civ. Pro. R. 37(c).

12.  Debts owed to Capital One, N.A., do not accrue interest or late fees when placed with RGS for collection. *Id*. at pg. ___.

**PLAINTIFFS' RESPONSE:**  Objection: The fact is not supported by admissible evidence, nor is it provided by an individual disclosed pursuant to Fed. Rule Civ. Pro. R. 26(a)(1).  Additionally, as Defendant has not provided the material cited, and such material is not otherwise in the record, Plaintiff is unable to determine whether the Declaration cited was made on personal knowledge, set out facts that would be admissible in evidence, and showed that the declarant is competent to testify on the matters stated.  *See* Fed. Rule Civ. Pro. R. 56(c)(4).  Additionally, Defendant objected to Plaintiff's demands for this information in discovery, and Defendant is therefore precluded on this issue.  *See* Fed. Rule Civ. Pro. R. 37(c).

13.  A dunning letter does not have to tell a debtor that interest or fees are not accruing on a debt. *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212 (2d Cir. 2018).

**PLAINTIFFS' RESPONSE:**  Plaintiff does not understand this statement to the extent that Defendant has not defined the term "dunning letter."  Moreover, this is not a "material fact" within the meaning of Rule 56.

14.  Payment of the Amount Owed would have satisfied the debt in whole. <u>Ryalls Dec.</u> at pg. _____.

**PLAINTIFFS' RESPONSE:**  Objection: The fact is not supported by admissible evidence, nor is it provided by an individual disclosed pursuant to Fed. Rule Civ. Pro. R. 26(a)(1).  Additionally, as Defendant has not provided the material cited, and such material is not otherwise in the record, Plaintiff is unable to determine whether the Declaration cited was made on personal knowledge,

set out facts that would be admissible in evidence, and showed that the declarant is competent to testify on the matters stated. *See* Fed. Rule Civ. Pro. R. 56(c)(4). Additionally, Defendant objected to Plaintiff's demands for this information in discovery, and Defendant is therefore precluded on this issue. *See* Fed. Rule Civ. Pro. R. 37(c).

15.     Payment of the Reduction Offered would have satisfied the debt in whole. *Id*. at pg. ___.

**PLAINTIFFS' RESPONSE:**  Plaintiff does not understand this statement to the extent that Defendant has not defined the term "Reduction Offered." Objection: The fact is not supported by admissible evidence, nor is it provided by an individual disclosed pursuant to Fed. Rule Civ. Pro. R. 26(a)(1). Additionally, as Defendant has not provided the material cited, and such material is not otherwise in the record, Plaintiff is unable to determine whether the Declaration cited was made on personal knowledge, set out facts that would be admissible in evidence, and showed that the declarant is competent to testify on the matters stated. *See* Fed. Rule Civ. Pro. R. 56(c)(4). Additionally, Defendant objected to Plaintiff's demands for this information in discovery, and Defendant is therefore precluded on this issue. *See* Fed. Rule Civ. Pro. R. 37(c).

16.     Payment under either of the Payment Plans would satisfied the debt in whole. *Id*. at pg. ___.

**PLAINTIFFS' RESPONSE:**  Plaintiff does not understand this statement to the extent that Defendant has not defined the term "Payment Plans." Objection: The fact is not supported by admissible evidence, nor is it provided by an individual disclosed pursuant to Fed. Rule Civ. Pro. R. 26(a)(1). Additionally, as Defendant has not provided the material cited, and such material is not otherwise in the record, Plaintiff is unable to determine whether the Declaration cited was made on personal knowledge, set out facts that would be admissible in evidence, and showed that the declarant is competent to testify on the matters stated. *See* Fed. Rule Civ. Pro. R. 56(c)(4). Additionally, Defendant objected to Plaintiff's demands for this information in discovery, and Defendant is therefore precluded on this issue. *See* Fed. Rule Civ. Pro. R. 37(c).

17.     Statutory interest, pursuant to CPLR § 5001 does not accrue on a debt until it is awarded by a court. *Derosa v. Computer Credit, Inc.*, 295 F. Supp. 3d 290, 300 (E.D.N.Y. 2018). *Id*. at pg. ___.

**PLAINTIFFS' RESPONSE:**  This is not a "material fact" within the meaning of Rule 56.

18.     Plaintiff's Complaint was filed on August 21, 2017. Doc. 1

**PLAINTIFFS' RESPONSE:**  Not disputed.

## PLAINTIFF'S STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS

1. Defendant regularly collects debts owed to others. *Defendant's Response to Plaintiff's Request for Admission,* at ¶ 6.

2. Defendant regularly attempts to collect debts owed to others. *Id*. at ¶ 7.

3. Defendant uses the mails in its attempts to collect debts owed to others. *Id*. at ¶ 8.

4. The principal purpose of Defendant's business is the collection of debts owed to others. *Id*. at ¶ 9.

5. The Letter at issue was the initial written communication Defendant sent to Plaintiff. *Id*. at ¶ 17.

6. The debt Defendant sought to collect from Plaintiff was for a Kohl's Department Store credit card issued to Plaintiff by Capital One, N.A. *Defendant's Response to Plaintiff's Request for Interrogatories,* at ¶¶ 1, 2.

7. The amount of the debt as stated on the Letter included $512.21 for interest and $235.00 for late fees. *Id*. at ¶ 5.

8. The credit agreement between Plaintiff and the creditor provided for the accrual of interest on any unpaid balance. *Defendant's Response to Plaintiff's Request for Admission,* at ¶ 18.

9. The credit agreement between Plaintiff and the creditor provided for the accrual of late fees for any missed payments. *Id*. at ¶ 19.

Dated: September 12, 2018

                                                */s David M. Barshay*
                                                David M. Barshay, Esquire