UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STEPHANIE ROMAN                                          Case No. 2:17-cv-04917

    Plaintiff,

    v.

RGS FINANCIAL, INC.

    Defendant.

---

**DEFENDANT RGS FINANCIAL, INC.'S BRIEF IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant RGS Financial, Inc. ("RGS") and files this Brief in Support of its Motion for Summary Judgment, and will show onto this Court as follows:

### I. INTRODUCTION

Stephanie Roman ("Plaintiff") filed suit against RGS on August 21, 2017, alleging that RGS had violated several provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"). Doc. 1. Plaintiff alleges that RGS violated Sections 1692g and 1692e in several different manners[1], all related to whether the debt in question was or was not accruing interest, and whether RGS was required to inform Plaintiff of that fact. *Id.* These violations were alleged caused by a letter sent to Plaintiff (the "Letter").

Plaintiff's lawsuit relies on the Second Circuit opinion in *Avila v. Riexinger & Associates, LLC*, in which the Second Circuit reviewed the question of "whether a collection notice that states a consumer's 'current balance,' but does not disclose that the balance may increase due to interest and fees, complies with this provision." *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 74 (2d

---

[1] Due to the six claims that all pled violations of either section 1692e or section 1692g, RGS will address each count in turn.

Cir. 2016). The Second Circuit ruled that Section 1692e of the FDCPA requires collectors to disclose that a balance may increase due to interest or fees, *when that balance is actually subject to increasing interest or fees.*

*Avila*, however, does not apply in this case, as the debt at issue is static—that is, the debt was not accruing any interest or fees. See the Affidavit of Mike Ryalls, ¶¶ 6-7. The Second Circuit's recent decision in *Taylor v. Financial Recovery Services*, 886 F.3d 212 (2d Cir. 2018) conclusively held that a debt collector need not advise the consumer of the fact that the balance will not change when the debt at issue is static. Specifically, the Second Circuit rules that "if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g." *Taylor*, 886 F.3d at 215.

The debts in this case were not accruing interest while in the possession of RGS. Ryalls Aff., ¶¶ 6-7. At no point did the amount of the debt increase while the debt was in the possession of RGS. *Id.* The Letter sent to Plaintiff and the account notes for Plaintiff's accounts confirm this fact. *See* Ryalls Aff., Exs. B, C. Furthermore, RGS does not add interest or late fees to accounts that it receives from this particular creditor. Ryalls Aff., ¶¶ 6-7. Because there is no duty requiring RGS to inform Plaintiff that interest or fees were not accruing, and because Plaintiff's other claims fail as a matter of law, this Court should grant summary judgment for RGS.

Plaintiff fifth and sixth counts allege that the payment options section on the letter also violate the FDCPA. However, these arguments have been repeatedly rejected by courts across the nation. The settlement options do not overshadow or contradict any rights that the Plaintiff had under section 1692g and are not deceptive or misleading. Therefore, for the reasons stated above

and more fully set out below, summary judgment should be granted to RGS and all claims against RGS dismissed with prejudice.

## II. ARGUMENTS AND AUTHORITIES

### A. Standard of Law

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation marks omitted); *see also Maxton v. Underwriter Labs., Inc.*, 4 F. Supp. 3d 534, 542 (E.D.N.Y. 2014) ("An issue of fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party."). In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing

reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

**B. Under *Taylor*, Plaintiff's First Count Fails as a Matter of Law Because the Debt was Static**

Plaintiff's first count alleges a violation of section 1692e of the FDCPA because the letter allegedly failed to disclose that the balance of the debt may increase due to interest, late fees, or other fees. Doc. 1 at 4. Plaintiff alleges a litany of reasons why interest, late fees, or other fees could be accruing on the debt. *Id.* ¶¶ 20-38. Plaintiff alleges that section 1692e "requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Id.* ¶ 39.

As shown in the Affidavit of Mike Ryalls, the Chief Strategic Officer at RGS, the debt owed by Plaintiff was not accruing any interest or other fees. Ryalls Aff., ¶ 7. The debt in question was a static debt that would not change the entire time it was placed with RGS. Ryalls Aff., ¶¶ 6-7. There is no requirement under the FDCPA that a debt collector inform Plaintiff that the amount of the debt is not accruing interests or fees.

The Second Circuit's opinion in *Taylor* conclusively establishes that RGS was not required to disclosure that the debt was not accruing interest or fees. *Taylor*, 886 F.3d at 215. The Second Circuit held that "that a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e." *Id.* at 214; *see also Homa v. GC Services Limited Partnership*, 2018 WL 4636816 (E.D.N.Y. Sept. 27, 2018) (granting defendant's motions to dismiss because defendant had no obligation to inform the consumers that the debt was not accruing interest or fees); *Derosa v. CAC Fin. Corp.*, 2017 WL 4402459, at *4 (E.D.N.Y. Sept. 29, 2017) (appeal filed) ("Post–*Avila* cases addressing a static balance have found that a debt collector need not advise the consumer of the fact that the balance will not change.");

4

*Dick v. Enhanced Recovery Co.*, LLC, 2016 WL 5678556, at *5 (E.D.N.Y. Sept. 28, 2016). Because no interest or fees was accruing on the debt, there was no obligation that RGS inform Plaintiff that the amount would not increase. And because no interest or fees were accruing on the debt, RGS could not disclose that the debt may increase, as Plaintiff alleges, as that would be a violation of the FDCPA.

Pursuant to the Second Circuit's opinion in *Taylor*, Plaintiff's first count fails as a matter of law, and summary judgment should be granted for RGS on this count.

**B. Plaintiff's Second Count Fails as a Matter of Law Because There is no Judgment Against Plaintiff**

Plaintiff claims the debt was "subject to interest by operation of law" under NY CPLR § 5001(a), which provides that *pre-judgment* interest can be recovered on a *court judgment* for breach of contract. *See* Doc. 1 ¶¶ 44-53. Plaintiff further alleges that RGS violated section 1692e by not disclosing this fact. *Id.* The fatal flaw to Plaintiff's argument is that there is no court judgment, verdict, report, or decision against Plaintiff for breaching Plaintiff's contract with Capital One.

This same claim was addressed by this very Court in *Cruz v. Credit Control Services, Inc.*, 2017 WL 5195225, at *1, 4-5 (E.D.N.Y. November 8, 2017). This Court recognized that a request for interest under NY CPLR § 5001 must be made upon a court. *Id.* at 4-5. Without a request for interest made to a court and the interest subsequently awarded by said court, there is no requirement to disclose any interest under NY CPLR § 5001. *See also Homa*, 2018 WL 4636816 at * 5 (rejecting plaintiff's claim that NY CPLR § 5001 requires defendant to inform the consumer that interest may accrue); *Derosa v. Computer Credit, Inc.*, 295 F. Supp. 3d 290, 299 (E.D.N.Y. 2018) ("Under New York law, it is abundantly clear that pre-judgment interest under Section 5001 only applies after a lawsuit has been successfully prosecuted and a sum has been awarded"). An

5

allegation that RGS could assess interest under NY CPLR § 5001(a) is "speculative at best, and misstate[s] the law at worst, as only a court may enter such a judgment." *Cruz*, 2017 WL 5195225, at *5.

RGS was not required to disclose that interest could be accruing under NY CPLR § 5001 because RGS had not taken the steps required to obtain interest under that statute and there was no judgment against Plaintiff. Not only was RGS not required to disclose this, but "[u]ntil there has been such a petition for judgment to a court, any such disclosure in a debt collection letter that informs a debtor of the possibility of pre-judgment interest under § 5001 would be misleading to the least sophisticated consumer." *Cruz*, 2017 WL 5195225 at *5; *Derosa*, 295 F. Supp. 3d at 300 ("Accordingly, the Court holds that the failure to include any disclosure in the letter about the possibility of pre-judgment interest being awarded in the future does not violate Section 1692e or Section 1692g(a) under the least sophisticated consumer standard.").

Plaintiff's argument fails as a matter of law. Interest was not accruing under NY CPLR § 5001 as RGS never made any application for interest under that statute, no court ever awarded any interest under the statute, and there was no action against Plaintiff to which NY CPLR § 5001 would have applied. This Court should follow its reasoning found in *Homa*, *supra*; *Derosa,* 295 F. Supp. 3d at 299; and *Cruz*, *supra*, and find that Plaintiff's second count fails as a matter of law and grant summary judgment to RGS on this Count.

**C. Plaintiff's Third Count Fails as a Matter of Law Because the Letter Adequately Conveyed the Amount of the Debt**

Plaintiff's third count alleges that RGS violated section 1692g by not adequately conveying the amount of the debt. Doc. 1 at 5-7. Plaintiff's allegations once again rest on whether RGS was required to disclose that the debt may be accruing interest or other fees. As shown by the Affidavit

6

of Mike Ryalls, the debt was static and no fees or interest were accruing on the debt. Ryalls Aff., ¶¶ 6-7.

The Second Circuit addresses this claim in *Taylor* as well. The Second Circuit held that "if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice . . . [will not] fail to state accurately the amount of the debt under Section 1692g." *Taylor*, 886 F.3d at 215. This is reasoning directly applies to this case.

Not interest or fees were accruing on the debt. Therefore, there was no requirement to disclose that no interest or fees were accruing. *Taylor*, 886 F.3d at 215. In the top right the Letter stated "Amount Owed: $3,981.89." Ryalls Aff., Ex. C. As shown by the account notes, this was an accurate statement of the amount of the debt. Ryalls Aff., Ex. B. The Letter reiterated the amount in the body, stating that Plaintiff could "pay $3,981.89 in full." Ryalls Aff., Ex. C. The body of the letter accurately and clearly states what Plaintiff could pay to resolve the account:

> ☐ You can pay $3,981.89 in full or make two payments of $1,990.94 or three payments of $1,327.29.
> ☐ You can resolve your account at the reduced amount of $2,389.14

*Id.* The letter accurately stated the amount of the debt and how Plaintiff could resolve, which means RGS complied with the statute. *See Homa*, 2018 WL 4636816 at * 5 ("Under *Taylor* and *Avila*, Defendant did not violate its duty to set forth the amount due because Plaintiffs could have satisfied their debts by making prompt payment for the amount set forth in their respective Letters."). No interest or fees were accruing on the debt and RGS had no duty to inform Plaintiff that fees or interests were not accruing. *Taylor*, 886 F.3d at 215. Plaintiff's third count fails as a matter of law, and summary judgment should be granted to RGS on this count.

**D. Plaintiff's Fourth Count Fails Because the Letter Cannot be Read in Two Different Manners**

Plaintiff claims that the Letter can be read by the least sophisticated consumer to have two or more meanings, in violation of section 1692e. Doc. 1 ¶ 116. Plaintiff's argument once again centers on the incorrect belief that interest and fees were accruing, when in fact they were not accruing.

Plaintiff's fourth count must be dismissed under the *Taylor* opinion. *Taylor* held that "a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e." *Taylor*, 886 F.3d at 215. The Court reiterated that a collection letter is not misleading, and therefore cannot be read to have two or more meanings, "if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing . . ." *Id.* Pursuant to *Taylor*, Plaintiff's fourth count fails as a matter of law and summary judgment should be granted to RGS on this count.

**E. Plaintiff's Fifth and Sixth Counts Fail Because Nothing in the Letter Overshadowed Plaintiff's Rights**

Plaintiff's fifth and sixth counts revolve around the payment options that RGS presented to Plaintiff on the front side of the Letter. Plaintiff alleges that RGS overshadowed Plaintiff's rights to dispute the debt in accordance with section 1692g because the Letter offered Plaintiff three options to resolve the debt. Doc. 1 at 9-11. Plaintiff claims that because the options on the front of the Letter do not contain an option for Plaintiff to dispute the debt, the letter would make the least sophisticated consumer "uncertain or confused as to her rights." Doc. 1, ¶ 11. "A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." *Savino v. Computer Credit Inc.*, 164 F.3d 81, 85 (2d Cir.1998).

8

The Letter contained the following language:

Dear STEPHANIE ROMAN

RGS Financial, Inc. has been assigned to provide a resolution on the above stated account. Associates are available to assist you. We're here to help you, but we need you to act. Please decide what works for you.

☐ You can resolve your account, without talking to an associate, by visiting our secure, private website at https://www.myrgs.com to negotiate and pay anytime, day or night.

☐ You can pay $3,981.89 in full or make two payments of $1,990.94 or three payments of $1,327.29.

☐ You can resolve your account at the reduced amount of $2,389.14 or make two payments of $1,194.57, or three payments of $796.38.

☐ Call 866-941-8600 or visit us online to make alternate arrangements

<u>Exhibit C</u>. Below that it stated: "**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**" *Id.* (emphasis in original). On the back side of the letter, in the same font and type face as the rest of the letter, it contained the statutorily required 1692g language:

> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.*

Pursuant to Section 1692g(a), a debt collector must, within five days of the initial communication with a consumer, provide the consumer written notice advising him of his right to dispute the debt within 30 days, otherwise known as a 30–day debt validation notice. 15 U.S.C. § 1692g(a); *see also Castro v. Green Tree Servicing LLC*, No. 10–7211, 2013 WL 4105196, at *5

9

(S.D.N.Y. Aug.14, 2013). Pursuant to 1692g(b), "[a]ny collection activities and communication during the 30–day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt ...." 15 U.S.C. § 1692g(b). A debt collector may not "confuse and discourage the consumer from exercising his statutory right to dispute the validity of the debt within thirty days." *Wiener v. Bloomfield*, 901 F. Supp. 771, 775 (S.D.N.Y.1995). However, the use of conflicting deadlines is not itself a violation of the FDCPA. *Wiener*, 901 F. Supp. at 775; see also *Weber v. Computer Credit, Inc.*, 259 F.R.D. 33, 39 (E.D.N.Y. 2009) ("[o]nly if the demand for payment obscures the right to dispute the debt within 30 days is an issue of 'overshadowing' raised").

Multiple courts have held that offering settlements or payment options does not overshadow the 1692g language. *See Akoundi v. FMS, Inc.*, 2014 WL 3632008, *5 (S.D.N.Y. July 22, 2014) ("Courts have found that including a settlement offer in the same initial communication as a 30–day notice, as was the case here, does not overshadow or contradict a validation notice."). Two cases on point with the facts of this case are *Lerner v. Forster*, 240 F. Supp. 2d 233, 236 (E.D.N.Y. 2003) and *Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., Inc.*, 209 F. Supp. 2d 330, 331 (S.D.N.Y. 2002), *aff'd*, 59 F. App'x 406 (2d Cir. 2003).

In *Lerner*, the letter at issue contained the following paragraph:

> If you want to resolve this matter you may take one of the following actions: You may either pay the balance in full or contact my client at 1–800–280–0559 and work out an arrangement for payment that is acceptable to my client. Not withstanding partial payments made directly to our client, your entire balance is due in full. Acceptance of partial payments made directly to our client in no way nullifies their contractual right to demand the entire balance once the account is in default.

240 F. Supp. 2d at 235. Below this was the required 1692g language. *Id.* The court noted that "[i]t does not follow that simply because a collection letter instructs a consumer to contact a debt

10

collector that the validation notice is necessarily overshadowed or contradicted." *Lerner*, 240 F. Supp. 2d at 238. In finding that there was no FDCPA violation, the court noted that "[t]he Letter in this case closely mirrors the language contained in various collection letters where courts have found no FDCPA violation." *Id.* at 240.

In *Shapiro*, the letter sent to the debtor by the collector requested that the debtor send payment to the creditor, or alternatively to contact the collector if the debtor had any questions. *Shapiro*, 209 F. Supp. 2d at 233. The letter also contained a statement, "NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION." *Id.* The court rejected plaintiff's arguments that these options violated the FDCPA. First, the court noted that "the notice at issue here never demands payment within a certain time." *Id.* at 333. Similar, the letter sent by RGS in this case never demanded payment within a certain time frame. Ryalls Aff. Ex., C. The court also noted that there was "no suggestion as to which course the plaintiff should follow nor even a demand for immediate payment." *Shapiro*, 209 F. Supp. 2d at 333. In this case, RGS's Letter only requested that Plaintiff "[p]lease decide what works for [Plaintiff]." Ryalls Aff. Ex., C. The Court went on to reject Plaintiff's claims that these payment options violated any provision of the FDCPA. *Shapiro*, 209 F. Supp. 2d at 237.

Other courts have held that settlement or payment options in a letter are also not violations of the FDCPA. In *Omogbeme v. Risk Management Alternatives, Inc.*, 2003 WL 21909773 (E.D.N.Y. Aug. 4, 2003), the letter sent to plaintiff offered a settlement option with several "payment coupons" located towards the bottom of the letter. *Id.* at *1. The letter contained a statement at the bottom of the letter which stated "See the reverse side of this request for the Federal Validation Notice and other required information." *Id.* The Court held that this was not a violation, as the debt could chose to reject the offer without any additional harm. *Id. at *3*. The

11

court further concluded that the collector did not violate the FDCPA by placing the validation notice on the back, with an information line on the front directing Plaintiff's attention to the notice. *Id.* Other courts have held that letters that request payment during the thirty day period described in 1692g(b) do not violate the FDCPA. *Harrison v. NBD Inc*, 968 F. Supp. 837, 848 (E.D.N.Y. 1997) ("NBD's letter did not state that 'immediate' payment was due nor does the discount offer impart the impression that the plaintiff must dispute the debt in less than thirty days or mislead the plaintiff as to her rights under the FDPCA."); *Soffer v. Nationwide Recovery Systems, Inc.*, 2007 WL 1175073, *4 (E.D.N.Y. Apr. 19, 2014) ("Merely presenting a consumer with an option to resolve a debt by accepting a settlement offer does not in any way blunt the effectiveness of a validation notice explaining that the consumer has a right to dispute the debt if the consumer chooses to do so.").

In *Stuppiello v. Sw. Credit Sys., L.P.*, 2017 WL 5983815, *6 (S.D. Cal. Jan. 10, 2017), the district court found that a request for payment does not overshadow any 1692g language when the request for payment is in the same font typeface and same font size, did not contain any language contradicting the earlier admonition in the notice that the debtor has thirty days to contest the validity of the debt, contained a request rather than a demand that did not set forth a deadline or timeframe for the payment and the request did not include any language stating that the payment must be made "immediately" or "now." In affirming this decision, the Ninth Circuit determined that there was no FDCPA violation because the letter was "not threatening, does not limit the time in which [debtor] can dispute the debt, and is in the same font as his FDCPA rights." *Stuppiello v. Sw. Credit Sys., L.P.*, 721 F. App'x 705, 706 (9th Cir. 2018).

The same is true with the Letter at issue in this case. The Letter in this case contains the same font size and font typeface, did not contain any contradictory language and contained a

12

request without any definite timeframe or deadline. *See also Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055, 1057 (9th Cir. 2002) ("Moreover, a request for payment of the debt or a request for the consumer to contact the debt collector contained in a validation notice does not automatically violate the FDCPA."). The Ninth Circuit in *Stuppiello* also rejected the idea that a dunning letter offering payment options needs to offer "transitional language" tying the options to the 1692g language:

> Stuppiello contends—without citing any Ninth Circuit authority in support—that validation notices must include transitional language, i.e. language explaining that a request for payment does not limit a consumer's right to challenge a debt within thirty days. We have never imposed such a requirement, and decline to do so now.

*Stuppiello*, 721 F. App'x at 707. Plaintiff's claim in this case, that the Letter did not contain the transitional language, is an attempt to read extra requirements into the FDCPA, which should be rejected.

The Letter sent to Plaintiff by RGS did not violate the FDCPA and did not overshadow the language informing Plaintiff of his right to dispute the letter. The Letter only presented Plaintiff with some options that Plaintiff could take. Ryalls Aff., Ex. C. There was no deadline for Plaintiff to act and no demand for payment within a certain number of days. *Id.*; *see Harrison*, 968 F. Supp. at 848; *Stuppiello*, 2017 WL 5983815, at *6. The Letter asked Plaintiff to decide what worked for him and did not recommend Plaintiff take any of the listed options. *See Shapiro*, 209 F. Supp. 2d at 333. The debtor could choose to reject the offers without any additional harm. *Omogbeme*, 2003 WL 21909773, at *1. The letter contained a clear and conspicuous statement that Plaintiff should see the reverse side for important information. On the reverse side contained the statutorily required language. Ryalls Aff., Ex. C.

There is nothing about the Letter that overshadows any of Plaintiff's rights. Numerous courts have repeatedly rejected the type of argument that Plaintiff has asserted herein. For these

13

reasons, this Court should grant RGS's Motion for Summary Judgment and should dismiss these claims against RGS.

### III. CONCLUSION

All of Plaintiff's claims fail as a matter of law. *Taylor* conclusively established that a debt collector does not have to inform a debtor that interest and fees are not accruing on a debt when the debt at issue is static. This is the situation in this case. The debt never changed or increased while in placed with RGS. Therefore, there was no duty to inform Plaintiff of the lack of any interest or fees.

Plaintiff's claim that NY CPLR § 5001 requires sage harbor language regarding interest has also been rejected and is clearly inapplicable.

Finally, numerous courts have rejected the arguments that Plaintiff makes regarding the payment options. In light of the foregoing, it is clear that summary judgment is appropriate in this case.

DATED: October 10, 2018

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
T: (716) 853-5100
F: (716) 853-5199
blittle@lippes.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2018, I electronically filed the foregoing Brief via the CM/ECF system, which should send notice to all counsel of record.

        /s Brendan H. Little
        Brendan H. Little