**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

STEPHANIE ROMAN,

                Plaintiff,

      vs.

RGS FINANCIAL, INC.,

           Defendant.

Case No.: 2:17-cv-4917-ADS-AKT

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BARSHAY SANDERS, PLLC**

David M. Barshay, Esquire
Jonathan M. Cader, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
jcader@sanderslawpllc.com
*Attorneys for Plaintiffs*

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

PROCEDURAL HISTORY ........................................................................................................ 3

STATEMENT OF FACTS .......................................................................................................... 3

ARGUMENT ............................................................................................................................... 4

   I.    STANDARD OF REVIEW ................................................................................... 5

   II.   THE RYALLS AFFIDAVIT MUST BE EXCLUDED BY THIS COURT ..................... 6

   III.  DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE "AMOUNT OF THE DEBT" CLAIMS .......................................................... 10

   IV.  DEFENDANT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S OVERSHADOWING CLAIMS ............................................ 11

CONCLUSION ......................................................................................................................... 13

i

# TABLE OF AUTHORITIES

## CASES

*Aboeid v. Saudi Arabian Airlines Corp.*,
No. 10 CV 2518(SJ)(VVP), 2011 WL 5117733,  (E.D.N.Y. Sept. 6, 2011) ............................. 9

*Akoundi v. FMS, Inc.,* No.
14 CIV. 366 RWS, 2014 WL 3632008 (S.D.N.Y. July 22, 2014) ..................................... 11, 12

*American Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States*,
No. 04–CV–1798 (CPS), 2009 WL 1617773 (E.D.N.Y. June 9, 2009) ................................... 7

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986) ................................. 6

*Avila v. Riexinger & Assocs., LLC*,
817 F.3d 72 (2d Cir. 2016) ........................................................................ 10

*Boyles v. Petrucelli*,
921 F. Supp. 1200 (S.D.N.Y. 1996) ................................................................. 6

*Carlin v. Davidson Fink*,
852 F.3d 207 (2d Cir. 2017) ....................................................................... 11

*Ebewo v. Martinez*,
309 F.Supp.2d 600 (S.D.N.Y. 2004) ................................................................ 8

*Haas v. Del. & Hudson Ry. Co.*,
282 Fed.Appx. 84 (2d Cir.2008) ................................................................... 8

*Harrison v. NBD Inc.*,
968 F. Supp. 837 (E.D.N.Y. 1997) ............................................................... 12

*Kosher Sports, Inc. v. Queens Ballpark Co.*,
No. 10–CV–2618, 2011 WL 3471508 (E.D.N.Y. Aug. 5, 2011) ............................................ 8

*Lerner v. Forster*,
240 F. Supp. 2d 233 (E.D.N.Y. 2003) ......................................................... 11, 12

*Lujan v. Cabana Mgmt., Inc.*,
284 F.R.D. 50 (E.D.N.Y. 2012) ................................................................. 7, 8

*Morales v. Quintel Entm't, Inc.*,
249 F.3d 115 (2d Cir. 2001) ....................................................................... 6

ii

*Omogbeme v. Risk Mgmt. Alternatives, Inc.*,
  No. 01 CV 7293 (SJ), 2003 WL 21909773 (E.D.N.Y. Aug. 4, 2003)............................... 11, 12

*Patterson v. Balsamico*,
  440 F.3d 104 (2d Cir. 2006)........................................................................................ 8, 9

*Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alientari S.P.A.*,
  No. 08–CV–2540 (DLI)(JMA), 2011 WL 1239867 (E.D.N.Y. Mar. 30, 2011) ...................... 9

*Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*,
  280 F.R.D. 147 (S.D.N.Y. Feb. 15, 2012) ............................................................................ 8

*Robbins & Myers, Inc. v. J.M. Huber Corp.*,
  274 F.R.D. 63 (W.D.N.Y. 2011).................................................................................... 7, 8

*Rodriguez v. City of New York*,
  72 F.3d 1051 (2d Cir. 1995).............................................................................................. 6

*Savino v. Computer Credit Inc.*,
  164 F.3d 81 (2d Cir. 1998)............................................................................................. 11

*Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., Inc.*,
  209 F. Supp. 2d 330 (S.D.N.Y. 2002), *aff'd*, 59 F. App'x 406 (2d Cir. 2003).................. 11, 12

*Soffer v. Nationwide Recovery Sys., Inc.*, \
  No. 06-CV-435 SLT CLP, 2007 WL 1175073 (E.D.N.Y. Apr. 19, 2007)............................. 12

*Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*,
  272 F.R.D. 350 (W.D.N.Y. 2011)....................................................................................... 7

*Taylor v. Fin. Recovery Servs., Inc.*,
  886 F.3d 212 (2d Cir. 2018)........................................................................................... 11

*United Indus. Corp. v. IFTE plc*,
  293 F. Supp. 2d 296 (S.D.N.Y. 2003).................................................................................. 6

*Wiener v. Bloomfield*,
  901 F. Supp. 771 (S.D.N.Y. 1995) .................................................................................. 11

*Wolk v. Kodak Imaging Network, Inc.*,
  840 F. Supp. 2d 724 (S.D.N.Y. 2012)................................................................................. 6

**STATUTES**

15 U.S.C. §1692................................................................................................................... 1

**RULES**

Fed. R. Civ. Pro. 26(a) ................................................................................................ passim

Fed. R. Civ. Pro. 56 ....................................................................................................... 1, 5

Fed. R. Cov. Pro. Rule 26(e) ................................................................................................ 7

Fed.R.Civ.P. 26(a)(1)(A)(i) ................................................................................................... 7

Fed.R.Civ.P. 26(a)(1)(A)(ii) .................................................................................................. 7

Fed.R.Civ.P. 26(e)(1)(A) ....................................................................................................... 7

Fed.R.Civ.P. 37(c)(1) ............................................................................................................. 8

**TREATISES**

2007 Advisory Committee Note to Fed.R.Civ.P. 26(e) .................................................... 7

Plaintiff Stephanie Roman ("*Roman*" or "*Plaintiff*") submits the instant memorandum in Opposition to the motion of Defendant RGS Financial, Inc. ("*RGS*" or "*Defendant*") for summary judgment pursuant to Fed. R. Civ. Pro. 56.

## PRELIMINARY STATEMENT

This case arises under the Fair Debt Collection Practices Act (15 U.S.C. §1692, *et seq.*) (the "*FDCPA*"), wherein Plaintiff has set forth six claims for relief in her Complaint.  The claims essentially fall into two groups, the "amount of the debt" claims and the "overshadowing" claims (the terms used herein have the same definitions set forth in Plaintiff's cross-motion for summary judgment, unless otherwise defined).  As the Court is aware, the "amount of the debt" claims aver that Defendant's collection letter failed to caution Plaintiff that her balance may increase due to the accrual of interest and/or fees, and the "overshadowing" claims aver that the collection letter could be misinterpreted to lead the least sophisticated consumer to believe that the only way to stop collection activity would be to make payment, whereas a dispute of the debt would have the same effect.

Defendant now moves for summary judgment on the primary grounds that its collection letter was not required to include a disclosure as to interest and/or fees because Plaintiff's Debt was allegedly not accruing such amounts while with RGS.  Defendant's motion must be denied for at least two significant reasons.

First, Defendant's motion must be denied to the extent that it relies exclusively on the Affidavit of Mike Ryalls (the "*Ryalls Aff.*") to support the contention that Plaintiff's Debt was not accruing interest and/or fees while with RGS.  Unfortunately for Defendant, the Ryalls Aff. should not (or cannot) be considered by the Court in connection with the motion insofar as Defendant did not disclose Ryalls as a witness or person with knowledge of the facts of this case

1

in its Rule 26(a) disclosures, in its responses to Plaintiff's Interrogatories, or in its supplemental responses to Plaintiff's Interrogatories.

Second, even if the Court were to allow the Ryalls Aff. to be considered on this motion (which it should not), Defendant's motion would still need to be denied because Defendant's other admissions in the record (e.g.: (i) that the credit agreement between Plaintiff and Capital One Bank (the creditor to whom the debt is owed) provides that interest and fees will continue to accrue post-default; (ii) that Capital One continues to own the debt; and (iii) that Defendant did not receive any instruction from Capital One to cease collecting such amounts) serve to establish questions of fact as to whether the creditor was continuing to accrue interest and fees on the account, despite Ryalls' statement that Defendant simply elected not to collect such amounts (despite having received no instruction from the creditor to the contrary).  The existence of such question of fact would necessitate denial of Defendant's motion (assuming that the admissions do not override the averments contained in the Ryalls Aff.).

Defendant is similarly not entitled to judgment as a matter of law on Plaintiff's "Overshadow" claims because Defendant's argument is centered on the contention that it provided Plaintiff with the requisite validation rights, however, the mere fact that a letter contains language required by the statute does not result in an *a fortiori* finding that the letter would not otherwise be confusing to the least sophisticated consumer.

Insofar as all of these arguments were addressed at length in Plaintiff's cross-motion for summary judgment, for the sake of judicial economy, we will not repeat those arguments here gratuitously.  Instead, Plaintiff relies on the fact that the Court will read all papers submitted on this motion cycle as one complete submission.  To that end, Plaintiff will highlight only those facts and arguments specific to the instant opposition.

## PROCEDURAL HISTORY

The procedural history of this case was set forth at length in Plaintiff's cross-moving brief and, therefore, Plaintiff respectfully refers the Court to that document for the procedural statement herein.

## STATEMENT OF FACTS

The facts of this case are taken from: (i) the Complaint filed in this case (*Dkt. No. 1, et seq.*); (ii) the admissions made by Defendant in its Answer (*Dkt. No. 6*); (iii) from Plaintiff's response to Defendant's Statement of Undisputed Facts and Statement of Additional Undisputed Material Facts (the "*RSUF*") (*Dkt. No. 20*); and (iv) from Defendant's discovery responses (which are annexed as Exhibits to the Declaration of David M. Barshay submitted in connection with Plaintiff's cross-motion for summary judgment (the "*Barhsay Decl.*").

Insofar as the statement of facts were similarly set forth at length in the brief filed in support of Plaintiff's cross-motion for summary judgment, they will not be repeated verbatim herein.  Instead, Plaintiff refers the Court to her cross-moving brief for a full recitation of those facts, but, nonetheless notes the following facts which are specific to the instant opposition:

- Capital One, N.A. was the creditor to whom the Debt was allegedly owed on the date Defendant's collection letter was sent.  *See Exhibit "1" to the Barshay Decl. at First Amended Answer to Interrogatory No. 1.*

- The credit card agreement between Plaintiff and Capital One provides for the accrual of interest on any unpaid balance and the assessment of fees on any late or missed payments.  *RSUF at ¶25.*

- The amount of the debt as stated on the Letter included $512.21 for interest and $235.00 for late fees.  *RSUF at ¶23.*

- The Letter does not advise Plaintiff that her Debt will be subject to increase due to the accrual of interest and/or fees.  *Dkt. No. 1-1.*

- Capital One never advised Defendant to not collect interest on the debt owed by Plaintiff.  *RSUF at ¶27.*

3

- ▪ Capital One never advised Defendant to not collect fees and/or other charges on the debt owed by Plaintiff. *RSUF at ¶28.*

- ▪ Defendant did not identify Mike Ryalls as an individual with discoverable information in its (late served) Rule 26(a) Disclosures. *See Exhibit "3" to the Barshay Dec. at ¶A.*

- ▪ Defendant did not amend or supplement its (late served) Rule 26(a) Disclosures.

- ▪ Defendant did not identify Mike Ryalls as an individual with discoverable information relevant to the facts alleged in the Complaint and Answer (including any affirmative defenses raised by Defendant) in its initial or amended response to Plaintiff's interrogatories. *See Exhibit "1" to the Barshay Dec.at ¶22.*

## <u>ARGUMENT</u>

Defendant is not entitled to summary judgment in this case because the admissions and other evidence in the record establish that: (i) Capital One was the creditor to whom the debt was owed on the date that Defendant's collection letter was sent; (ii) that the agreement between Plaintiff and Capital One provided that any non-zero balances would be subject to the accrual of interest and fees; (iii) that the amount stated to be due in Defendant's collection letter included amounts attributable to interest and fees; (iv) that Defendant does not purport to have any authority to change the terms of the agreement between Plaintiff and Capital One; (v) Defendant does not purport to have changed the terms of the agreement between Plaintiff and Capital One; (vi) that the collection letter sent by Defendant did not caution Plaintiff her balance may be subject to increase due to interest and/or fees; and, finally (vii) Defendant never received any instruction from Capital One (written or otherwise) to not collect the interest and fees due under the agreement between Plaintiff and Capital One.

Faced with these immutable facts and its other admissions, Defendant relies solely on the Ryalls Aff. to support its position that the Debt was purportedly static, despite having given evasive non-answers to Plaintiff's Interrogatories seeking information as to this contention. Indeed, even in its amended answers to Plaintiff's Interrogatories seeking information as to when

and why Plaintiff's Debt ceased to increase despite Defendant's admission that the credit agreement governs and provided for the assessment of such charges, Defendant answered only that *it* did not seek to collect such amounts from Plaintiff.  Defendant's answers in this regard are deficient because they do not refute the contention that the Debt was subject to increase.  To the contrary, they confirm this fact, but simply deny that Defendant sought to collect those amounts (despite having received no instruction from Capital One to not collect those amounts).

Most critically to the instant motion is the fact that Defendant relies exclusively on the Ryalls Aff. to support its contention that interest and fees were not accruing on the account (despite its admissions to the contrary).  Unfortunately for Defendant, the Ryalls Aff. must be excluded by this Court due to Defendant's defalcations in failing to identify Ryalls as a person with discoverable information relative to the claims or defenses in this action in its initial disclosures or in its discovery responses (and amended discovery responses).  Without the Ryalls Aff., Defendant has no evidence in admissible form sufficient to establish its entitlement to summary judgment.  Even if the Ryalls Aff. were to be considered by the Court (which it should not be), the conflict between the Ryalls Aff. and Defendant's other admissions would serve to create a question of fact that would also require denial of Defendant's motion for summary judgment.

For all these reasons, as well as those set forth herein and in Plaintiff's cross-motion for summary judgment, Defendant's motion must be denied in its entirety.

## I.     STANDARD OF REVIEW

"Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Boyles v. Petrucelli*, 921 F. Supp. 1200, 1201

(S.D.N.Y. 1996) (quoting Fed R. Civ. P. 56(c) (internal quotations omitted)). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law." *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 736 (S.D.N.Y. 2012) (quoting *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986) (brackets in original)).

"When cross motions for summary judgment are made, the standard is the same as that for individual motions." *United Indus. Corp. v. IFTE plc*, 293 F. Supp. 2d 296, 299 (S.D.N.Y. 2003) citing *Morales v. Quintel Entm't, Inc*., 249 F.3d 115, 121 (2d Cir. 2001). "The court must consider each motion independently of the other and, when evaluating each, the court must consider the facts in the light most favorable to the non-moving party." *Id*. at 121.

In this case, when the Court considers Defendant's motion in a light most favorable to Plaintiff, it must conclude that Defendant has failed to establish a right to judgment as a matter of law, regardless of its determination of Plaintiff's cross-motion for inverse relief.

## II.     THE RYALLS AFFIDAVIT MUST BE EXCLUDED BY THIS COURT

As a threshold matter, this Court should find that the Ryalls Aff. must be excluded from the Court's consideration of Defendant's motion for summary judgment. That is because Defendant failed to disclose Mr. Ryalls as a witness or person with other information relative to the claims and defenses in this case in its (late) Rule 26(a) Disclosures, in its responses to Plaintiff's Interrogatories, or, in its supplemental responses to Plaintiff's Interrogatories. *See Exhibit "3" to the Barshay Dec. at ¶A; Exhibit "1" to the Barshay Dec.at ¶22.* In such an instance, Defendant should not be allowed to proffer the testimony of an individual whose identity was concealed.

As the Court held in *Lujan v. Cabana Mgmt., Inc.,* 284 F.R.D. 50, 67–68 (E.D.N.Y. 2012), "Rule 26(a)(1) of the FRCP requires that, at the outset of a civil lawsuit, parties must disclose the name of "each individual ... that the disclosing party may use to support its claims or defenses[.]" *Id.* citing Fed.R.Civ.P. 26(a)(1)(A)(i). "It also mandates that a party disclose documents that may be used "to support its claims or defenses." *Id.,* quoting Fed.R.Civ.P. 26(a)(1)(A)(ii).

Pursuant to Rule 26(e), a party is obligated to timely supplement or correct its initial Rule 26 disclosures, and its responses to interrogatories and document demands, "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.,* quoting  Fed.R.Civ.P. 26(e)(1)(A). As Judge Mann further explained in *American Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States*, No. 04–CV–1798 (CPS), 2009 WL 1617773 (E.D.N.Y. June 9, 2009): "The duty to supplement 'applies whether the corrective information is learned by the client or by the attorney ... and extends not only to newly discovered evidence, but to 'information that was not originally provided although it was available at the time of the initial disclosure or response'." *Id.* citing, *inter alia,* 2007 Advisory Committee Note to Fed.R.Civ.P. 26(e); *Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc*., 272 F.R.D. 350, 357 (W.D.N.Y. 2011); *Robbins & Myers, Inc. v. J.M. Huber Corp*., 274 F.R.D. 63, 75 (W.D.N.Y. 2011) (applying an objective "reasonably should know" standard to when a party "learns" for Rule 26(e) purposes that its prior discovery responses are materially inaccurate or incomplete).

"The obligation to amend prior disclosures and discovery responses continues even after the conclusion of discovery. *Id.* citing *Star Direct*, 272 F.R.D. at 358 ([t]he purpose of Rule 26(e)

is to prevent the "sandbagging" of a party with new evidence at trial or on a motion." See *Ebewo v. Martinez*, 309 F.Supp.2d 600, 607 (S.D.N.Y. 2004).

As Judge Mann went on to observe in *Lujan,* "a party found to have violated its Rule 26 obligations is subject to sanctions under Rule 37." *Lujan,* 284 F.R.D. at 68. "Rule 37(c) sanctions are not limited to initial disclosure violations but may be predicated on a party's failure to amend its prior discovery responses." *Id.* citing *Haas v. Del. & Hudson Ry. Co*., 282 Fed.Appx. 84, 85–86 (2d Cir.2008); *Kosher Sports, Inc. v. Queens Ballpark Co*., No. 10–CV–2618, 2011 WL 3471508, at *12 (E.D.N.Y. Aug. 5, 2011); *Robbins & Myers*, 274 F.R.D. at 74; *Am. Stock Exch., LLC v. Mopex, Inc*., 215 F.R.D. 87, 93 (S.D.N.Y.2002).

Rule 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1)." *Id.* (see also, *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (Rule 37(c)(1) provides that any "party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness...not so disclosed.")

 "Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request or if there exists a genuine dispute concerning compliance." *Id.* citing *Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. Feb. 15, 2012) (internal quotation and citations omitted). "An omission or delay in disclosure is harmless where there is "an absence of prejudice" to the offended party." *Id*., citing *Aboeid v. Saudi Arabian Airlines Corp*., No. 10 CV 2518(SJ)(VVP),

2011 WL 5117733, at *2 (E.D.N.Y. Sept. 6, 2011).

In determining whether preclusion should be granted, Courts will often consider the *Patterson* factors, which include Defendant's explanation for its failure to have identified the witness or documents; the importance of the evidence, the prejudice to Plaintiff; and, the possibility of a continuance (and reopening discovery). See *Patterson*, 440 F.3d at 117; *Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alientari S.P.A.*, No. 08–CV–2540 (DLI)(JMA), 2011 WL 1239867, at *4 (E.D.N.Y. Mar. 30, 2011).

In this case, the *Patterson* factors weigh strongly in favor of preclusion. As to the first factor, Defendant has not offered any explanation for its failure to have disclosed Ryalls as a person with information pertinent to this case, despite Plaintiff having raised this as an issue in its response to Defendant's initial Rule 56.1 Statement, which was filed with the Court on September 12, 2018 (*Dkt. No. 20*). As to the second factor, the issue of whether interest and/or fees are accruing on the Debt is the single most important fact in this case, and Defendant's failure or refusal to identify a witness who would testify as to that issue is inexcusable. For this reason, the third factor also favors Plaintiff, as Plaintiff would be severely prejudiced by Defendant's failure to identify the witness and the nature of his testimony. As to the fourth factor, while there could be a possibility of a continuance, the Court should not exercise its discretion to extend discovery in this case, particularly since the only reason for extending discovery would be to absolve Defendant of its own defalcations.

For all these reasons, the Ryalls Aff. should be excluded by this Court in its consideration of Defendant's motion for summary judgment.

### III.   DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE "AMOUNT OF THE DEBT" CLAIMS

The gravamen of Plaintiff's "amount of the debt" claims is that her account was subject to the accrual of interest and fees, even in default or collection.  Therefore, Plaintiff avers that the collection letter sent by Defendant violates the FDCPA by failing to advise her that her debt will so increase.   The Ryalls Aff. is the only evidence provided by Defendant to support its contention that the Debt was not increasing in the manner alleged in the Complaint.

If the Ryalls Aff. is excluded by this Court in its consideration of Defendant's motion for summary judgment (as it should be), then Defendant is left with no evidence in support of its contention that interest and/or fees were not accruing on the Debt.  To the contrary, the only evidence in the record is Defendant's discovery responses wherein Defendant admitted that Capital One continued to accrue interest and fees on the account and that Defendant received no instruction from Capital One to waive or forbear on such charges.  The fact that Defendant made its own election to not collect such amounts from Plaintiff is of no moment given Defendant's admission that the credit agreement between Plaintiff and Capital One continues to govern the credit relationship.  The fact that Defendant took it upon itself to not collect such amounts from Plaintiff does not alter its admission that the account continued to accrue such charges by the creditor.  Insofar as Defendant was and is not a party to the credit agreement between Plaintiff and Capital One—and does not purport to have any authority to modify the terms thereof—is singularly dispositive.

In the brief filed in support of her cross-motion for summary judgment, Plaintiff articulated the reasons for which: (i) the credit card agreement continues to govern the relationship between herself and Capital One; and (ii) why the collection letter runs afoul of the Second Circuit's mandates in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016),

*Carlin v. Davidson Fink*, 852 F.3d 207 (2d Cir. 2017), and *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212 (2d Cir. 2018). Rather than gratuitously repeat those arguments here, in the interests of judicial economy, Plaintiff respectfully refers the Court to her cross-moving brief for a full discussion of these points.

**IV.   DEFENDANT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S OVERSHADOWING CLAIMS**

In the final prong of its motion, Defendant acknowledges the applicable legal standard for evaluating an overshadowing claim, saying "[a] debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." Def. Mem. at p. 8 citing *Savino v. Computer Credit Inc*., 164 F.3d 81, 85 (2d Cir. 1998) and that pursuant to §1692g(b), "[a]ny collection activities and communication during the 30–day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt" such that "a debt collector may not 'confuse and discourage the consumer from exercising his statutory right to dispute the validity of the debt within thirty days." Id. at p. 10 citing *Wiener v. Bloomfield*, 901 F. Supp. 771, 775 (S.D.N.Y. 1995).

Despite acknowledging the applicable standard of review, Defendant wrongfully concludes that its collection letter does not run afoul of the "overshadowing" proscriptions under the applicable case law.

In support of its position, Defendant cites to the decisions in *Akoundi v. FMS, Inc.,* No. 14 CIV. 366 RWS, 2014 WL 3632008 (S.D.N.Y. July 22, 2014), *Lerner v. Forster,* 240 F. Supp. 2d 233 (E.D.N.Y. 2003), *Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., Inc.,* 209 F. Supp. 2d 330 (S.D.N.Y. 2002), *aff'd,* 59 F. App'x 406 (2d Cir. 2003), *Omogbeme v. Risk Mgmt. Alternatives, Inc.,* No. 01 CV 7293 (SJ), 2003 WL 21909773 (E.D.N.Y. Aug. 4, 2003), *Harrison*

11

*v. NBD Inc.,* 968 F. Supp. 837 (E.D.N.Y. 1997) and *Soffer v. Nationwide Recovery Sys., Inc.*, No. 06-CV-435 SLT CLP, 2007 WL 1175073 (E.D.N.Y. Apr. 19, 2007) for the premise that 'merely extending a settlement offer in a collection letter does not render the letter violative of the FDCPA's overshadowing proscriptions.'  Defendant is wrong, insofar as none of the cases cited are analogous to the case-at-bar.

For example, in *Akoundi,* the letter contained a statement indicating that the creditor itself had authorized the settlement offer.  No such language exists here.  In both *Lerner* and *Shapiro,* the letter contained a statement inviting the debtor to contact the creditor directly to discuss a settlement of the matter where, as with *Akoundi,* no such language is extant here.  *Omogbeme* is also not analogous to the instant case for at least two reasons.  First, the letter was sent by a debt collector who also purchased the debt and, therefore, was the creditor to whom the debt was owed.  Second, the letter set forth a date certain by which any of the "settlement offers" must be paid – a fact not present here.  The same is true with respect to both *Harrison* and *Soffer,* in which the collection letters also set forth dates certain by which payment under the "settlement offers" must be made.

In other words, none of the cases cited by Defendant are analogous because the letters are different.  The fact that the differences might be considered to be subtle is of no moment.  The fact is, the differences exist.  To that end, Defendant has cited no cases which directly contradict or conflict with those cited by Plaintiff in her cross-moving brief.  Insofar as a full discussion of those cases is set forth therein, Plaintiff respectfully refers the Court to the cross-moving brief for a full discussion thereof.

To the extent that the cases cited by Defendant stand for any premise—a contention with which Plaintiff would disagree—it is that the case law is not settled in this Circuit as to what

constitutes overshadowing.  If this is the case, Plaintiff respectfully submits that the cases cited in her cross-moving brief are analogous and support her position, whereas the cases cited by Defendant do not.  To this end, Plaintiff urges the Court to adopt the reasoning set forth in the cases cited in her cross-moving brief.

## <u>CONCLUSION</u>

For all these reasons, Plaintiffs respectfully request that Defendant's motion for summary judgment be denied in its entirety.

Dated: Garden City, New York
       November 5, 2018

Respectfully submitted,

BARSHAY SANDERS, PLLC
*Attorneys for Plaintiff*

By:      ___s/  *David M. Barshay*_____
         David M. Barshay, Esq.
         Jonathan M. Cader, Esq.
         100 Garden City Plaza, Fifth Floor
         Garden City, New York 11530
         Telephone: (516) 203-7600
         Fax: (516) 706-5055
         *dbarshay@barshaysanders.com*
         *jcader@sanderslawpllc.com*

13