UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STEPHANIE ROMAN

      Plaintiff,

v.                                                                  Case No. 2:17-cv-04917

RGS FINANCIAL, INC.

      Defendant.

---

### DEFENDANT RGS FINANCIAL, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant RGS Financial, Inc. ("RGS") and files this Response to Plaintiff's Motion for Summary Judgment,[1] and will show onto this Court as follows:

### I. INTRODUCTION

Plaintiff claims that RGS violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), by sending a letter to Plaintiff that did not fully comply with the FDCPA. Doc. 1. Plaintiff has lumped her First, Third, and Fourth Claim together under the title "Debt Amount Claims." Doc. 24-2 at 11. As demonstrated in this Response and in RGS's Motion for Summary Judgment, these claims all fail as a matter of law. Plaintiff alleges that interest and fees were accruing on the debt, but she has evidence in admissible form to support said conclusion. Plaintiff's only purported evidence that that interest or fees would have accrued on the debt is that the original creditor agreement (which is not before this Court) allegedly required it. This theory requires the Court to speculate that this agreement governs how RGS collects the debt, which is improper and has been rejected by the Second Circuit. *Derosa v. CAC*

---

[1] As the Parties have moved for cross moved summary judgment, RGS incorporates by reference the arguments raised in its Motion for Summary Judgment.

*Financial Corp.*, 2018 WL 5344906, at *2 (2d Cir. Oct. 29, 2018) (summary order) ("It is thus speculative to claim that the underlying account would continue to accrue interest and fees when the account had been transferred or assigned to another party for collection."). The only admissible evidence before the Court shows that interest and fees were not accruing on the debt. Exhibit A. Therefore, under the Second Circuit's opinion in *Taylor*, there was no duty to inform Plaintiff that interest and fees were not accruing. Summary judgment should be denied to Plaintiff on these claims.

Plaintiff presents no arguments as to her Second Claim, instead claiming that he is not abandoning the claim but rather "reserves the right to argue same if summary judgment is denied." Doc. 24-2 at 11. However, the Second Claim clearly fails as a matter of law, as described by RGS's Motion for Summary Judgment and in the cases that have examined similar arguments and should be dismissed regardless. Doc. 23-1 at 5-6.

Plaintiff has lumped her Fifth and Sixth claims together as the Overshadow Claims. Doc. 24-2 at 11. Plaintiff makes several mischaracterizations about the letter, such that some typeface is smaller than others when a casual examination of the letter shows that is not true. Doc. 24-2. Plaintiff's arguments that the payment options or anything else in the letter overshadows Plaintiff's Section 1692g rights as contained in the letter fail as a matter of law. Numerous courts have rejected the claims Plaintiff makes and the cases cited by Plaintiff are inapplicable to the letter sent by RGS. For these reasons, Plaintiff's Motion for Summary Judgment should be denied.

## II. PROCEDURAL OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This Court's Individual Motion Practices and the Local Rules for the Eastern District of New York govern the steps a party is required to take in order to file a motion for summary

judgment. This Court's Individual Motion Practices state that "[n]o motion for summary judgment will be accepted for filing and docketing unless the movant has complied with the following procedures." Individual Motion Practices at 7. The Motion Practice requires a party to first serve a Rule 56.1 Statements of Material Facts. *Id.* Any party seeking to oppose the motion must serve a counter-statement of facts within seven days, or by another date specified by the Court. *Id.*

In this case, the Court's Order directed that any moving party was to file a Rule 56.1 Statement of Facts by June 22, 2018, and any nonmovant was required to file a Counterstatement by July 16, 2018. Doc. 16. The Court's Order further dictated that any party moving for summary judgment must then to request a pre-motion conference with the Court regarding any motion for summary judgment on or before July 26, 2018. Doc. 16.

RGS served its Rule 56.1 Statements of Material Facts on Plaintiff on June 22, 2018, as required by the Court. Doc. 16 at 2. Plaintiff did not serve a Counter-Statement of Fact by July 16, 2018, as required by the Court. *Id.* On July 22, 2018, RGS filed a Motion for Pre-Motion Conference to seek permission to file a motion for summary judgment with the Court. The Court granted the Motion and ordered Plaintiff to respond to RGS' Rule 56.1 Statements of Material Facts. Doc. 19. At no time did Plaintiff comply with this Court's Order concerning the conditions precedent concerning a motion for summary judgment.

Plaintiff claims that "[t]he parties appeared for the pre-motion conference with Your Honor on September 13, 2018, at which time Your Honor granted Defendant leave to file a motion for summary judgment and granted Plaintiff's verbal request to cross-move for summary judgment." However, this is not accurate and is not reflected in the order entered by the Court.

3

Rather, the Court asked the parties to work out a briefing schedule concerning RGS's motion for summary judgment.

The procedural history of this case demonstrates that Plaintiff repeatedly failed to follow the Court's Order and Individual Motion Practices in filing her motion for summary judgment. Plaintiff did not timely serve a Rule 56.1 Statement of Material Facts or properly request a pre-motion conference as required by the Court's Order. Doc. 16. For these reasons, this Court should strike Plaintiff's Motion for Summary Judgment from the docket and not consider same.

### III. ARGUMENTS AND AUTHORITIES

#### A. Standard of Law

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation marks omitted); *see also Maxton v. Underwriter Labs., Inc.*, 4 F. Supp. 3d

534, 542 (E.D.N.Y. 2014) ("An issue of fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party."). In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

### B. Plaintiff's Debt Amount Claims fail as a matter of law

Plaintiff's claims as to the Debt Amount Claims (Plaintiff's First, Third, and Fourth Claims) fail as a matter of law under established Second Circuit case law and should be dismissed. Plaintiff's claims fail because interest and other fees were not accruing on the debt, regardless of what Plaintiff suggests or asks the Court to speculate. Plaintiff has presented no evidence that fees or interest were accruing when the debt was placed with RGS.. On the other hand, RGS has presented admissible evidence interest or fees were not accruing on the debt while it was with RGS. Exhibit A.

Plaintiff's entire claim relies on the agreement between Plaintiff and Capital One, the creditor to the debt. Doc. 24-2 at 14. Plaintiff argues that because RGS was not a party to the agreement between Plaintiff and Capital One, that it RGS "had no authority to change, waive or modify any terms of that agreement." Doc. 24-2. Plaintiff argues that since the original contract charged interest, then interest must necessarily still be accruing on the debt. Despite this conclusion, Plaintiff did not include the original credit agreement as an exhibit in her Motion for Summary Judgment or submit any other evidence to support the conclusion that interest was continuing to accrue after the debt was placed with RGS.

5

Plaintiff's only purported evidence are RGS's Responses to Plaintiff's Requests for Admission and RGS's Responses to Plaintiff's Interrogatories. Yet these discovery responses do not support Plaintiff's arguments. RGS's responses to Plaintiff's discovery only state that the credit agreement between Plaintiff and Capital One provided for the accrual of late fees and interest and that it was not communicated to RGS that RGS should not collect interest or late fees. These responses fail to prove that interest or fees were accruing when the debt was placed with RGS. Finally, Plaintiff presents no argument or evidence why RGS was purportedly compelled to collect interest or fees if it was not a party to the agreement between Plaintiff and Capital One.

The Second Circuit recently addressed a similar claim raised by Plaintiff in *Derosa v. CAC Financial Corp.*, 2018 WL 5344906, at *2 (2d Cir. Oct. 29, 2018) (summary order).[2] In *Derosa*, plaintiff's evidence that the debt was accruing was "(1) a personal declaration stating that her account had previously "accrued interest on any balances carried, and late fees on any late or missed payments"; and (2) a generic credit card agreement, which she alleged showed that the account would continue to accrue interest and fees even in default." *Id.* The Second Circuit rejected that this evidence as support for the theory that interest and fees would continue to accrue. *Id*. Most importantly, the Second Circuit held:

> The fact that the account accrued interest and fees when being administered by the original creditor is not indicative of how the account would function when transferred to a debt-collection agency like CAC. It is thus speculative to claim that the underlying account would continue to accrue interest and fees when the account had been transferred or assigned to another party for collection.

*Id.* This is exactly what Plaintiff is trying to do in this case. As set forth by the Second Circuit, Plaintiff's arguments are insufficient to prevail on summary judgment. Accordingly, Plaintiff has

---

[2] The plaintiff isn *Derosa* was represented by the same counsel as Plaintiff in this case.

6

failed to present any admissible evidence that interest or fees were accruing on the debt while it was placed with RGS.

Despite Plaintiff's contentions otherwise, this case is still governed the Second Circuit's opinion in *Taylor v. Financial Recovery Services, Inc.*, 886 F. 3d 212 (2nd Cir. 2018). Plaintiff claims that *Taylor* does not apply because RGS has not presented any evidence from the creditor. However, given that this is Plaintiff's motion, the burden is on Plaintiff to prove that interest was accruing and the Court is required to draw all inferences in the favor of RGS. There is no evidence in this record that interest or fees were accruing on the debt and Plaintiff's unsupported assertion that a credit agreement—that is not before this Court—requires RGS to accrue interest on the debt is not sufficient to prevail on summary judgment.

In *Taylor*, the Second Circuit held in pertinent part:

> if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g. If instead the notice contains no mention of interest or fees, and they *are* accruing, then the notice will run afoul of the requirements of both Section 1692e and Section 1692g.

*Taylor*, 886 F. 3d at 215. The only evidence before the Court is that no interest or fees were accruing and that a payment of the amount stated in the letter would have satisfied the debt. Exhibit A. Therefore, *Taylor* controls this case. Since no interest or fees were accruing, RGS was not required to include any safe harbor language that might be required when a debt is accruing interest or fees.

While Plaintiff takes issue with the Declaration of Mike Ryalls, there is nothing before this Court that suggests that this Court should reject same. Plaintiff considers the affidavit "self-serving" but fails to offer an explanation to support that conclusion. Doc. 24-2 at 13. Even if it was, "an affidavit is not automatically discredited merely because it is self-serving." *Shami v.*

7

*Nat'l Enter. Sys.*, 914 F. Supp. 2d 353, 358 (E.D.N.Y. 2012). This is especially true since there is no evidence submitted by Plaintiff to refute Ryalls' Declaration. *Id*. Any failure to disclose Mike Ryalls is harmless. *See Design Strategies, Inc. v. Davis*, 228 F.R.D. 210, 212 (S.D.N.Y. 2005) (exclusion for failure to disclose excused if substantially justified or harmless). Mike Ryalls had signed the first set of Responses to Plaintiff's Interrogatories. Exhibit D; *See* Fed. R. Civ. P. 26(e) (1) ("A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and *if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*.") (emphasis added). Further, Plaintiff's counsel is likely well familiar with who Mike Ryalls is, given that he has filed several lawsuits against RGS. Nonetheless, in order to ensure there are no possible evidentiary problems, RGS has attached the affidavit of Erin Harness, who had been disclosed and is capable of attesting to the same facts as Mike Ryalls. Exhibit A.

As shown by the affidavits of Mike Ryalls and Erin Harness, the debt was not accruing any interests or fees while it was placed with RGS. This fact, coupled with Plaintiff's lack of valid and sufficient evidence that any fees or interest was accruing on the debt, shows that *Taylor* controls this case. Given that interest and fees were not accruing on this case, RGS did not have any duty to inform Plaintiff that no interest or fees were accruing and Plaintiff's claims related to Debt Amount Claims fail as a matter of law.

**C. Plaintiff's Overshadowing Claims fail as a matter of law**

Plaintiff claims that the payment options listed in the letter violate the FDCPA. Doc. 1 at 9-12. Under § 1692g(a), a debt collector must, within five days of the initial communication with a consumer, provide the consumer written notice advising her of her right to dispute the

8

debt within 30 days, otherwise known as a 30–day debt validation notice. 15 U.S.C. § 1692g(a); *see also Castro v. Green Tree Servicing LLC*, No. 10–7211, 2013 WL 4105196, at *5 (S.D.N.Y. Aug.14, 2013). Pursuant to Section 1692g(b), "[a]ny collection activities and communication during the 30–day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt ...." 15 U.S.C. § 1692g(b). A debt collector may not "confuse and discourage the consumer from exercising his statutory right to dispute the validity of the debt within thirty days." *Wiener v. Bloomfield*, 901 F. Supp. 771, 775 (S.D.N.Y.1995). However, the use of conflicting deadlines is not itself a violation of the FDCPA. *Wiener*, 901 F. Supp. at 775; see also *Weber v. Computer Credit, Inc.*, 259 F.R.D. 33, 39 (E.D.N.Y. 2009) ("[o]nly if the demand for payment obscures the right to dispute the debt within 30 days is an issue of 'overshadowing' raised").

Multiple courts have held that offering settlements or payments options does not overshadow the 1692g language. *See Akoundi v. FMS, Inc.*, 2014 WL 3632008, at *5 (S.D.N.Y. July 22, 2014) ("Courts have found that including a settlement offer in the same initial communication as a 30–day notice, as was the case here, does not overshadow or contradict a validation notice."). The letter must confuse or discourage the consumer from disputing the debt, which the letter sent by RGS clearly does not do. There are no grounds to find an overshadowing violation in this case.

The cases cited by Plaintiff are not applicable to this case. For example, Plaintiff cites to *Gammon v. Joseph H. Belzer, P.A.*, 1997 WL 189291 (N.D. Ill. 1997). Doc. 24-2. Yet in *Gammon*, there were no payment options in the letter and the language at issue was "Your immediate attention to this matter is in your best interest. An envelope is enclosed for your convenience in making payment." *Id.* at *2. This language is more demanding than the language

9

used by RGS. *Compare id*. with Exhibit B. However, the court in *Gammon* found that even this more demanding language did not violate the FDPCA. *Id.* at 2-4. Further, the cases cited in *Gammon* are also inapplicable to this case as they all deal with language that is not present in the letter sent by RGS, such as threatening actions within the thirty-day period described in 1692g. *Id.*

Likewise, *Barrientos v. Law Offices of Mark L. Nichter,* 76 F.Supp.2d 510, 514 (S.D.N.Y. 1999) is not applicable either. In *Barrientos*, the collector sent two different letters, both of which demanded payment within a certain number of days and threatened action if payment was not made within the time frames. *Id.* at 514-15. To the contrary, the letter sent by RGS did not demand payment within a certain time frame or threaten action if payment is not received.

Plaintiff also cites to in *Oberther v. Midland Credit Management, Inc.*, 45 F. Supp.3d 125 (D. Mass. 2014). Doc. 24-2 at 23. In *Oberther*, there were two grounds alleged for an overshadowing claim. *Id.* at 131-33. The first was that the letter only offered two options to avoid the debt from being referred for possible litigation. *Id.*. The second was that the letter improperly emphasized calling the collector. *Id.* In the present case, the letter sent by RGS did not threaten to send the case to litigation or tany other action if none of the options were accepted by Plaintiff.

In addition, the court in *Oberther* rejected the claim that an emphasis on calling the collector overshadowed the validation noted. *Id.* ("Accordingly, the court cannot conclude that the repeated emphasis on calling, standing alone, overshadowed the validation notice.") Plaintiff claims that the letter emphasizes the phone number in the letter "for purposes of making payment," which overshadows her rights, just as was claimed in *Oberther*. Doc. 24-2. However,

even a casual glace at the letter shows that it does not emphasize the phone numbers any more than it emphasizes the notice to Plaintiff concerning her 1692g rights. Exhibit B. Further, the letter states that the Plaintiff can contact RGS by calling by going online to its websites, or by mailing. *Id.* It is clear that the alleged emphasis on calling, which does not exist, is not sufficient grounds to find an overshadowing of Plaintiff's 1692g rights.

Plaintiff's reliance on *Vu v. Diversified Collection Services, Inc.*, 296 F.R.D. 343, 359 (E.D.N.Y. 2013) is also misplaced. The "improper emphasis on telephonic communication" that occurred in *Vu* is not found in this case. *Id.* In *Vu*, the letter at issue "went beyond providing Plaintiff the option or convenience of contacting Defendant by phone, *by specifically requesting that Plaintiff refrain from correspondence by mail*." *Id.* (emphasis added). Requesting that the debtor only communicate by telephone overshadowed plaintiff's rights in *Vu* because the request "conflicted with the validation notice on the reverse side, which (correctly) stated that a consumer must write to dispute the debt or obtain certain information." *Id.* Once again, this sort of language is not present in the letter RGS sent to Plaintiff. There are no phone numbers that were emphasized more than the notice of Plaintiff's Section 1692g rights and RGS presented Plaintiff with multiple ways to contact RGS without saying any option was required or even preferred. Improper emphasis on telephonic communication in this case is not present in this case, and therefore there cannot be a violation of the FDCPA as alleged by Plaintiff.

Plaintiff's other cited cases are inapplicable. In *Unger v. Nat'l Revenue Group Ltd.*, 2000 WL 1897346, *1 (E.D.N.Y. Dec. 8, 2000) the letter sent to the debtor stated that "*Payment in full is due now.*" (emphasis in original). The court noted that the 1692g claim was "physically separated from the erroneous statement that payment in full was 'due now' and in considerably smaller typeface." *Id.* at 3. Neither of those things are present in RGS's letter. There is no

11

statement that the payment is due now and the Section 1692g language was in the same type and font face as the payment options. Exhibit B. Also, despite Plaintiff's contention, there was no language in the payment options that were in boldface print. Compare *id.* with Doc. 24-2 ("or, as here, boldface").

The letter sent by RGS did not demand immediate payment, payment within a certain frame or payment before the thirty-day period described in 1692g expired. *See Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., Inc.*, 209 F. Supp. 2d 330, 331 (S.D.N.Y. 2002), *aff'd*, 59 F. App'x 406 (2d Cir. 2003). Plaintiff could have rejected the offers without suffering any harm. *See Omogbeme v. Risk Mgmt. Alternatives, Inc.*, 2003 WL 21909773, at *3 (E.D.N.Y. Aug. 4, 2003). The payments options are in the same font type and size as the Section 1692g notice.

Directly on point with this case is the *Shapiro* case. In that case, the letter sent to the debtor by the collector requested that the debtor send payment to the creditor, or alternatively to contact the collector if the debtor had any questions. *Shapiro*, 209 F. Supp. 2d at 233. The letter also contained a statement, "NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION." *Id.* The court rejected plaintiff's arguments that these options violated the FDCPA. First, the court noted that "the notice at issue here never demands payment within a certain time." *Id.* at 333. Similar, the letter sent by RGS in this case never demanded payment within a certain time frame. Exhibit B. The court also noted that there was "no suggestion as to which course the plaintiff should follow nor even a demand for immediate payment." *Shapiro*, 209 F. Supp. 2d at 333. In this case, RGS' letter only requested that Plaintiff "[p]lease decide what works for [Plaintiff]." Exhibit B. The Court went on to reject Plaintiff's claims that these payment options violated any provision of the FDCPA. *Shapiro*, 209 F. Supp. 2d at 237.

12

The letter did not overshadow Plaintiff's 1692g rights. Exhibit B. It did not demand immediate payment. It did not demand payment before thirty days. It did not threaten any action if payment was not received. It did not emphasis any particular action or form of communication. And it did not present the Section 1692g language any differently than it presented any other information on the letter. Clearly, the letter does not overshadow Plaintiff's rights and summary judgment should be denied to Plaintiff.

## IV. CONCLUSION

All of Plaintiff's claims fail as a matter of law. The letter accurately stated the amount of the debt. The only admissible evidence before the Court demonstrates that there were no interest or fees accruing on the debt. Therefore, RGS did not have any duty to inform Plaintiff that interest or fees were not accruing and did not have any duty to include the safe harbor language that Plaintiff alleges RGS should have included. The letter also did not overshadow any of Plaintiff's rights under Section 1692g. In light of the foregoing, Plaintiff's motion for summary judgment should be denied.

DATED: November 5, 2018

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

s/ Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
blittle@lippes.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2018, I electronically filed the foregoing Brief via the CM/ECF system, which should send notice to all counsel of record.

/s Brendan H. Little
Brendan H. Little