# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Stephanie Roman,

        Plaintiff,

v.                                    Case No. 2:17-cv-04917

RGS Financial, Inc.,

        Defendant.

### AFFIDAVIT OF ERIN HARNESS

**STATE OF TEXAS**          §
**COUNTY OF DALLAS**          §

      Before me, the undersigned authority, personally appeared Erin Harness who, being by me duly sworn, deposed as follows:

      1.    My name is Erin Harness. I am of sound mind, capable of making this affidavit, and the facts contained herein are true and correct and within my personal knowledge. I am the CCCO and Director of Administration and Compliance for RGS Financial, Inc. ("RGS").

      2.    I am a custodian of records maintained at RGS. I have under my direct custody and control, the business records for RGS, and, in particular, Stephanie Roman ("Roman" or "Plaintiff")'s file records, including account note(s), account records, and communications. Attached hereto are the following documents:

      <u>Exhibit B</u>: Account Notes

      <u>Exhibit C</u>: Letter dated August 18, 2016

      3.    These documents were kept in the regular course of business, and it was the regular course of our business, with knowledge of the act, event, condition or opinion to make the record or to transmit information thereof to be included in this record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are exact duplicates of the originals.

      4.    The original creditor to Plaintiff's account is Capital One, N.A. ("Capital One").

      5.    On August 18, 2016, RGS sent its initial dunning letter (the "Letter") to Plaintiff. <u>Exhibit C</u>. The Letter indicated an "Amount Owed" of $3,981.89. *Id*. The Letter also offered a

Reduction Offer of $2,389.14. *Id.* In the body of the Letter was different payment options that Plaintiff could accept to pay the debt. *Id.*

  6. When RGS receives debts from Capital One, RGS does not add any late fees or interests to the debt. The debt remains the same during the entire time RGS has the debt for collection. The amount sought in the Initial Letter remained static and was not subject to change during the time RGS was collecting the debt. This is also reflected in the Account Notes, which shows no interest or fees. <u>Exhibit B</u>.

  7. At no point while RGS has possession of the debt at issue did the amount of the debt change. The "Amount Owed" remained static during the time RGS was collecting the debt, as no interest or fees were or would have been added to the debt during this time.

  8. Plaintiff could have satisfied the debt by either paying the Amount Owed in full or by paying the Reduction Offer. Either payment plan would have satisfied the debt.

  9. I hereby declare under the penalty of perjury that the foregoing is true and correct.

          FURTHER AFFIANT SAYETH NAUGHT.

          _____
          Erin Harness, CCCO
          Director of Administration and Compliance
          RGS Financial, Inc.

  SWORN TO AND SUBSCRIBED before me, a Notary Public, on this the 31st day of October, 2018.

          _____
          Notary Public in and for the State of Texas

My Commission Expires:
October 26, 2021



DEJUAN P RENFROE
Notary ID #131330451
My Commission Expires
October 26, 2021